**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 619-009 |
| | * | |
| MIGUEL DE JESUS ENRIQUEZ | * | |

# O R D E R

Defendant Miguel De Jesus Enriquez has filed a motion to reduce sentence based upon Amendment 821 (Part A) to the United States Sentencing Guidelines, which provides a retroactive adjustment for certain offenders whose criminal history calculation was impacted by "status points" under U.S.S.G. § 4A1.1.

At sentencing, it was determined that Defendant had a total offense level of 29. Under U.S.S.G. § 4A1.1, his criminal history score of 9 was increased by two "status points" because he had committed this federal offense while under a criminal justice sentence. A criminal history score of 11 produces a criminal history category of V. With an offense level of 29 and a criminal history category of V, Defendant's guideline range was 140 to 175 months.

Under the amended U.S.S.G. § 4A1.1(e), Defendant would receive only one status point. Thus, his criminal history score would fall from 11 to 10 (not 9 as suggested by Defendant) upon retroactive application of Amendment 821 to U.S.S.G. § 4A1.1. An offense level

of 29 and a criminal history score of 10 still yields a guideline range of 140 to 175 months. For this reason, Amendment 821 has no effect on Defendant's guideline range.

Upon the foregoing, Defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2); his motion for sentence reduction (doc. 95) is therefore **DENIED.**

**ORDER ENTERED** at Augusta, Georgia this 10th day of September, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA